# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

LARRY TALLENT,          )
                                 )
      Petitioner,          )
                                 )
v.                            )    Nos:  1:06-cr-071
                                 )          1:09-cv-256
                                 )          (MATTICE/LEE)
UNITED STATES OF AMERICA,    )
                                 )
      Respondent.      )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Larry Tallent ("petitioner"). The government has filed its response to the motion, and petitioner has filed his reply to the response. Petitioner also filed a motion to supplement the § 2255 motion with additional case law. The motion to supplement will be **GRANTED**. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.    Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    <u>Factual and Procedural Background</u>

Petitioner was indicted on June 27, 2006, on the following charges: possession with intent to distribute methamphetamine (count one); possession of firearms in furtherance of a drug trafficking crime (count two); being an unlawful user of a controlled substance in possession of firearms (count three); and possession of stolen firearms (count four). [Criminal Action No. 1:06-cr-71, Court File No. 1, Indictment]. At his initial detention hearing on July 13, 2006, petitioner was released on bond, despite a statutory presumption of detention, based upon his indicated willingness to cooperate with the government. [*Id.*, Court File No. 10, Order Settings Conditions of Release]. Petitioner signed a plea agreement

2

to that effect. An unsigned copy of that agreement is attached as an exhibit to the § 2255 motion to vacate sentence. [*Id*., Court File No. 366, Motion to Vacate, Exhibit 1]. The agreement provided that petitioner would plead guilty to counts one and two of the indictment and counts three and four would be dismissed.

Petitioner did not cooperate after his release, however, and on July 31, 2006, filed a motion to suppress the evidence seized from his residence pursuant to a warrantless search. [*Id*., Court File No. 12, Motion to Suppress]. An evidentiary hearing on the motion to suppress was set for August 24, 2006. [*Id*., Court File No. 14, Order]. Several days prior to the date of evidentiary hearing, the court learned that petitioner wished to plead guilty; the evidentiary hearing was cancelled and a change of plea hearing was set for October 2, 2006. [*Id*., Court File No. 16, Notice of Rearraignment Hearing].

At the change of plea hearing, upon learning that the original plea agreement would not apply, petitioner decided that he would not plead guilty. By order dated October 5, 2006, the court set the case for trial November 14, 2006. [*Id*., Court File No. 19, Scheduling Order]. Petitioner renewed his motion to suppress [*id*., Court File No. 20, Motion to Suppress] and an evidentiary hearing on the motion to suppress was set for December 1, 2006 [*id*., Court File No. 22, Order].

The suppression hearing was held by the court on December 1, 2006, and January 11, 2007. [*Id*., Court File Nos. 25 and 31, Minutes]. On April 24, 2007, the court denied the

motion to suppress. [*Id.*, Court File No. 38, Memorandum and Order]. The trial was reset for June 12, 2007. [*Id.*, Court File No. 39, Scheduling Order].

On May 8, 2007, petitioner was indicted in an eleven-count superseding indictment on drug and firearm charges, including conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; the indictment contained the original four charges as well as additional charges. [*Id.*, Court File No. 40, Superseding Indictment].

Petitioner filed a second motion to suppress. [*Id.*, Court File No. 47, Second Motion to Suppress]. After several continuances, an evidentiary hearing on the second motion to suppress was held on November 2, 1007, at which time the court heard statements of counsel [*id.*, Court File No. 56, Minutes] and subsequently denied the motion as moot based upon representations of counsel that the motion was not ripe for hearing due to recent developments in the case [*id.*, Court File No. 61, Order]. In the meantime, on December 18, 2007, petitioner was indicted along with eleven co-defendants in a second superseding indictment; the second superseding indictment contained twenty-two counts and included a charge of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine as well as a charge that petitioner possessed firearms while under indictment for a felony offense. [*Id.*, Court File No. 57, Second Superseding Indictment].

On January 23, 2008, petitioner's retained counsel moved to withdraw based upon the second superseding indictment and a perceived conflict of interest. [*Id.*, Court File No. 105, Motion to Withdraw]. The motion was granted and another attorney was appointed to

4

represent petitioner. [*Id.*, Court File No. 127, Order]. On April 15, 2008, the U.S. Probation Officer moved to revoke petitioner's bond based upon his arrest in state court for theft, burglary, and drug charges; the motion was granted. [*Id.*, Court File No. 178, Petition and Order]. At the conclusion of a detention hearing on May 16, 2008, petitioner was ordered detained without bond. [*Id.*, Court File No. 208, Memorandum and Order].

On September 8, 2008, petitioner appeared before the court and entered a plea of guilty to eleven counts of the second superseding indictment. [*Id.*, Court File Nos. 266 and 370, Minutes and Transcript of Change of Plea Hearing, respectively]. A signed plea agreement was entered at that time. [*Id.*, Court File No. 267, Plea Agreement (Under Seal)]. Petitioner pleaded guilty to the following charges: conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine (count one); attempt to manufacture methamphetamine (count two); possession of chemicals and equipment used to manufacture methamphetamine (count three); possession with intent to distribute methamphetamine (count four); possession of a firearm by a prohibited person (counts six and thirteen); possession with the intent to distribute 50 grams or more of methamphetamine (count eleven); possession of a firearm in furtherance of a drug trafficking crime (count twelve); possession of a stolen firearm (count fourteen); possession of a firearm with an obliterated serial number (count fifteen); and possession of a firearm while under indictment for a felony (count sixteen). [*Id.*]

5

The factual basis for petitioner's guilty plea was set forth in the plea agreement. [*Id.* at 7-13]. To summarize, petitioner agreed that he was involved as a manager or supervisor of an extensive methamphetamine distribution organization that procured the drug from North Georgia and distributed it in several East Tennessee counties, from April 2004 through September 2007. He was sentenced to a total effective term of imprisonment of 420 months. [*Id.*, Court File No. 336, Judgment].

In support of his § 2255 motion, petitioner alleges several instances of ineffective assistance of counsel. The government has filed its response to the § 2255 motion and petitioner has filed a reply to the response.

III.   Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective

6

standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges six instances of ineffective assistance of counsel. The court will consider each claim in turn.

**1.    Motion to suppress**

Petitioner first claims that his first attorney rendered ineffective assistance with respect to the motion to suppress. Petitioner alleges that counsel filed a brief in support of the motion to suppress, the government filed a response, defense counsel was given additional time within which to file a reply brief, but he failed to do so. At the outset, the court notes that petitioner waived the right to file a motion pursuant to 28 U.S.C. § 2255 for

7

any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of sentencing. [Criminal Action No. 1:06-cr-71, Court File No. 267, Plea Agreement, p. 17, ¶ 15(b) (Under Seal)]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (defendant's waiver of § 2255 relief in a plea agreement barred a collateral attack based upon ineffective assistance of counsel).

Clearly, at the time of his sentencing petitioner was aware of his attorney's alleged ineffective assistance of counsel with respect to the motion to suppress but failed to bring it to the court's attention. Accordingly, petitioner has waived his right to pursue that claim of ineffective assistance of his counsel. The claim, in any event, lacks merit.

Petitioner makes the conclusory claim that counsel's failure to file a reply brief constituted deficient performance which materially prejudiced petitioner. He does not, however, state any facts to support how the failure to file a reply brief was deficient, what additional arguments counsel should have made, or how the defense was prejudiced.

This court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962). Petitioner

8

received a full and fair hearing on his motion to suppress. This claim of ineffective assistance lacks merit.

### 2. Original Plea Offer

Petitioner next claims that his first attorney rendered ineffective assistance of counsel with respect to the original plea offer. Petitioner alleges that, if not for counsel's one-sided statements, he would have pleaded guilty to the original plea agreement and thus received a much lesser sentence. He further alleges that counsel failed to discuss with him the fact that he might lose the motion to suppress and failed to advise him that if he rejected the original plea offer a superseding indictment could issue. Again, petitioner has waived this claim which, in any event, lacks merit.

A defendant is entitled to the effective assistance of counsel in deciding whether to accept or reject the government's plea offer. *See, e.g., Turner v. State of Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988) (the right to the effective assistance of counsel extends to the decision to reject a plea offer), *vacated on other grounds*, 492 U.S. 902 (1989), *reinstated on other grounds*, 940 F.2d 1000, 1002 (6th Cir. 1991); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3rd Cir. 1982) ("the decision to reject a plea bargain offer and plead not guilty is also a vitally important decision and a critical stage at which the right to effective assistance of counsel attaches"); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981) (incompetent advice to withdraw a guilty plea and stand trial violates a defendant's right to effective assistance of counsel).

9

A defendant's decision to reject a plea offer and take his chances at trial is certainly a calculated risk. However, the fact that a defendant rejects a plea offer upon advice of counsel and then receives a greater sentence than the one offered does not prove in and of itself that the attorney's advice was incompetent. "A petitioner who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty." *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) (citation omitted).

A good faith judgment, which in hindsight turns out to be erroneous, does not rise to the level of ineffective assistance of counsel. *See generally Valles v. Lynaugh*, 835 F.2d 126, 128 (5th Cir. 1988) ("Under the Supreme Court's teachings we are to be highly deferential to counsel's trial tactics and decisions, avoiding the distorting effects of hindsight."); *Sanchez v. United States*, 782 F.2d 928, 935 (11th Cir. 1986) ("When a lawyer makes an informed choice between alternatives, his tactical judgment will almost never be overturned on habeas corpus.").

Moreover, "there is a significant difference between the consequences emanating from a decision to reject a plea agreement and not plead guilty and the decision to enter a guilty plea." *Johnson v. Duckworth*, 793 F.2d 898, 901 (7th Cir. 1986). "The rejection of a plea agreement, in most instances, will result in the defendant going to trial with all of the

concomitant constitutional safeguards that are part and parcel of our judicial process." *Id.* at 900.

During his sentencing hearing, petitioner testified that his first attorney told him they could beat the charges, but that in order to be released from custody petitioner had to agree to cooperate and sign a plea agreement. Counsel allegedly told petitioner that the plea agreement would not be entered that day and that, after his release, they could begin fighting the charges instead of following through with the cooperation. Thus, the only reason petitioner originally agreed to cooperate was to secure his release from custody. [Criminal Action No. 1:06-cr-71, Court File No. 365, Transcript of Sentencing Hearing, pp. 15-17]. Petitioner testified that his first attorney never explained the seriousness of his case or the potential sentence he was facing. [*Id.* at 17]. Petitioner also admitted that he lied under oath during the suppression hearing on advice of counsel. [*Id.* at 18].

Petitioner testified that it was not until his second attorney was appointed to represent him that he understood how serious his situation was. [*Id.* at 21-22]. According to petitioner, he "never in a million years would have dreamed that [he'd] be sitting here in court looking at a life sentence." [*Id.* at 21]. On cross-examination, however, he admitted that the original plea agreement stated that the maximum punishment he was facing was life in prison and that he had been advised of that at his initial appearance as well. [*Id.* at 28-29]. He also admitted that he knew it was wrong to lie to the court. [*Id.* at 30-31]. Petitioner further acknowledged that all of the decisions regarding whether to plea guilty or go to trial or lie on the stand were ultimately his to make. [*Id.* at 35].

As noted previously, a copy of the original plea agreement is attached to petitioner's § 2255 motion; it confirms that petitioner was advised that the maximum sentence he was facing was life imprisonment. [*Id.*, Court File No. 366, Motion to Vacate, Exhibit 1, p. 2, ¶ 6]. The plea agreement also contained the following language:

> Defendant acknowledges that his sentence will be determined within the discretion of the Court, as constrained by law. Defendant understands that the Court has the authority to impose any lawful sentence in this case up to the statutory maximum(s). Defendant acknowledges that the United States Sentencing Guidelines will be considered in defendant's case to determine the appropriate sentence. Defendant acknowledges that the sentencing determination will be based upon the entire scope of defendant's criminal conduct, defendant's criminal history, and pursuant to other factors and guidelines set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. 3553.

[*Id.* at 2-3, ¶ 8].

Based upon the foregoing, the court finds that petitioner was aware of the seriousness of the charges against him yet chose to stop cooperating with the government, reject the original plea agreement, and take his chances with the motion to suppress the evidence against him; he further chose to lie under oath during the suppression hearing. His claim of ineffective assistance of counsel in this regard lacks merit.

### 3. Speedy Trial Act

Petitioner next claims his attorney failed to move to dismiss the indictment based upon a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* He contends that his right to a speedy trial was violated because his guilty plea was entered more than two years after the original indictment and thus in excess of the 70 days set forth in the Act, *id.* § 3161(c)(1). The passage of 70 days, however, without more does not establish a Speedy Trial Act

violation. Petitioner's pre-trial motions tolled the time limitation and, in its "ends of justice" scheduling orders, the court found that "the ends of justice served by [the other delays] outweigh[ed] the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A). There being no violation of the Speedy Trial Act, counsel was not deficient in failing to make such a motion. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). This is another claim that was waived and, in any event, lacks merit.

### 4.    Sufficiency of the Indictment

Petitioner next claims that his attorney rendered ineffective assistance of counsel by failing to recognize what constitutes a cognizable federal offense. According to petitioner, the indictment failed to properly charge a violation of 18 U.S.C. 924(c) and he relies on *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004) in support of this argument. This claim was likewise waived and also lacks merit.

Section 924(c) makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime" or to possess a firearm "in furtherance of any such crime." In *Combs*, the Sixth Circuit noted that the statute criminalizes two distinct offenses: "use" and "possession." *Id*. at 933. The Sixth Circuit further held that an indictment that confused the elements of the two offenses, *i.e.*, by charging use of a firearm in furtherance of a drug trafficking crime or possession of a firearm during and in relation to a drug trafficking crime, does not charge a crime under federal law. *Id*. at 934.

Petitioner was correctly charged with a violation of 18 U.S.C. § 924(c):

> The Grand Jury further charges that on or about May 18, 2006, in the Eastern District of Tennessee, the defendant, LARRY ANDREW TALLENT, also known as "Andy," did knowingly possess firearms in furtherance of a drug trafficking crime as charged in County Eleven of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Section 924(c).

[Criminal Action No. 1:06-cr-71, Court File No. 57, Second Superseding Indictment, p. 4 (count twelve)]. Accordingly, any claim that counsel failed to object to the indictment lacks merit.

### 5. Seizure of the cell phone

Petitioner next claims his attorney should have moved to suppress evidence taken from his cell phone. According to petitioner, the police took a cell phone from him during the search of his house and placed it into storage. When the phone rang, an officer wrote down the caller's number. Petitioner alleges the evidence should have been suppressed because the officer did not have authority to intercept the communication. This claim was waived and, in any event, lacks merit.

During the January 11, 2007, hearing on the motion to suppress, Detective McGill testified that after petitioner was arrested and taken to the sheriff's department, the detective began inventorying the property and narcotics seized at petitioner's residence. Petitioner's cell phone kept ringing and he received several text messages. Detective McGill opened the phone and looked at one of the text messages. He then contacted Officer McNelley with the Drug Task Force because he was unsure of what he was able to do with the cell phone. He was advised to either get a search warrant or get petitioner's permission. Petitioner was then

brought up to the detective's office to speak with Officer McNelley. [Criminal Action No. 1:06-cr-71, Court File No. 34, Transcript of Evidentiary Hearing on January 11, 2007, pp. 42-44].

Officer McNelley testified that Detective McGill contacted him about a possible delivery of methamphetamine. After Officer McNelley arrived at the sheriff's department, he advised petitioner of his rights, which petitioner waived, and petitioner cooperated with the authorities in setting up the drug deal through text messaging. [*Id*. at 48-52].

The court declined to rule on the issue of the cell phone because the defense had not specifically raised the issue in a motion to suppress. [*Id*., Court File No. 38, Memorandum and Order, pp. 36-37]. The court further noted that "it is not clear to the Court that the evidence which are the fruits of the subject search is even to be used against Mr. Tallent." [*Id*. at 36]. As the court saw it, "[i]t is just as likely that the evidence is to be used in a separate prosecution of the third parties who were arrested in connection with the interdicted drug deal." [*Id*.]. In that case, petitioner would not have standing to raise the issue. [*Id*.]

Petitioner has not demonstrated that, had his attorney filed a motion to suppress the cell phone evidence, the results of his criminal case would have been different. As the court noted, it was not clear that the evidence would have even been used against petitioner. In addition, petitioner pleaded guilty and admitted he was guilty of the offenses. Moreover, the Sixth Circuit has held that a search of a cell phone's contents incident to an arrest is lawful. *United States v. Finley*, 477 F.3d 250, 260 (6th Cir. 2007).

Petitioner makes a passing reference to counsel's failure to request a *Franks* hearing in this regard. *Franks v. Delaware*, 438 U.S. 154 (1978), concerned the validity of a search warrant and the veracity of an affidavit supporting the warrant. *Franks* has no relevance to petitioner's case. Petitioner's claim of ineffective assistance of counsel with respect to his cell phone lacks merit.

6.      **Downward Departure**

Finally, petitioner claims that his attorney should have argued at sentencing that the government breached the plea agreement by not moving for a downward departure based upon cooperation. Petitioner contends that a downward departure would have been appropriate because of his cooperation vis-a-vis the cell phone methamphetamine deal.

A district court may, on motion of the government, reduce a sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another. 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); USSG § 5K1.1. Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to reduce a sentence because of the defendant's assistance absent a motion by the government. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *Sullivan v. United States*, 11 F.3d 573, 575 (6th Cir. 1993).

Petitioner's plea agreement provided: "At the time of sentencing, the United States may bring to the Court's attention the nature, extent, and value of the defendant's cooperation so that it may be considered in determining a fair and appropriate sentence under the facts of the case." [Criminal Action No. 1:06-cr-71, Court File No. 267, Plea Agreement, p. 15,

¶ 8 (Under Seal)].  The government was not required to advise the court of petitioner's cooperation and there is nothing in the plea agreement to the effect that the government would consider a motion for downward departure.

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing."  *Wade v. United States*, 504 U.S. at 186.  Accordingly, it would have been futile for petitioner's attorney to have argued that the government breached the plea agreement by not moving for a downward departure.  *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

IV.    Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a

certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the

Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_/s/Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE